LOUIS POLK ET AL. v. THE STATE OF TEXAS.

No. 7235.

</div>

**Tax Collector.**—The accounts of a tax collector with the State, properly certified to by the State Comptroller, are prima facie correct. When a tax collector has served as such more than one term, and his sureties on the last bond being sued rely for a de-

fense on the fact that tax money properly applicable to the tax collector's account with the State for his last term was wrongfully appropriated to the account which the former sureties on the first bond were liable to make good, the burden of proof is upon them to show it. See opinion for facts from which a wrongful appropriation will not be presumed.

APPEAL from Travis.    Tried below before Hon. W. M. Key. The opinion states the case.

*Hancock, Shelley & Hancock*, for appellants.— The Comptroller had no authority under the law to transfer a balance on an account for one fiscal year to the account of a subsequent fiscal year.   Rev. Stats., arts. 4742, 4761;  State v. Middleton's Sureties, 57 Texas, 185.

*J. S. Hogg* and *Jas. H. Robertson*, for the State.— The certified account sued on being prima facia correct, the burden was upon the said Polk et al. to show that it was incorrect; and they having failed to show that any of the tax money collected under their bond was applied to the credit of said account (except the school voucher, for which the court gave them a credit), the court properly rendered judgment against them for the balance of the said account.   There was no proof showing that any part of the money applied to the account for the year ending June 30, 1886, was tax money collected under the bond of date November, 1886, except the school voucher for $1109.12½.   57 Texas, 194.

GAINES, ASSOCIATE JUSTICE.—This case is the counterpart of that of Newcomer et al. v. The State, *ante*, 286, this day decided.   It was brought by the State to recover of the sureties upon the bond of Henry Hamilton given to secure the faithful performance of his duties as tax collector of Bandera County during his second term of office.   There is no question made as to the amount of Hamilton's defalcation during the two terms he held the office, and the State in this suit, as in the former, seeks to charge the defendants with the entire amount.   The purpose, of course, is not to secure a double recovery, but to have the court fix the obligation where it belongs.   The petition in this case declares upon the account from the Comptroller's Office for the fiscal year ending May 1, 1888, which shows a balance against Hamilton of $2179.08.

In this case, as in the other, the accounts for the fiscal years ending in 1886, 1887, and 1888 were introduced in evidence, and in all respects the evidence is substantially the same in the two cases, except that in this case it was not proved that the items styled "treasury warrants," "Comptroller's drafts," "deficiency claims," and "drafts" in the accounts read in evidence were private funds and funds pertaining to Hamilton's office as sheriff, and not tax moneys.   In this case we have a certified statement of the quarterly reports of Hamilton of moneys collected by him from

December 31, 1884, to December 31, 1887, but it is not seen that these reports throw any light upon the issues involved.

If there had been proof in this record which would satisfy us that no part of the tax moneys of the subsequent year were used in paying off the account for the year 1887, we should, upon the principles announced in the other case, reverse this judgment and render a judgment against the defendants for the whole amount claimed in the petition. But although we think the evidence such as to require a reversal of the judgment, we do not consider it such as to require us to make a final disposition of the case.

The account certified to by the Comptroller is prima facie correct, and the burden was on these defendants to show, if such were the fact, that tax moneys properly applicable to it had been paid into the treasury, and had been wrongfully appropriated to the account which the sureties upon the first bond were liable to make good. This they have wholly failed to do, unless the presumption of a wrongful appropriation can be drawn from the face alone of the account of the fiscal year ending in 1887. We find nothing in the credits there entered that justifies us in drawing that presumption. There is one item styled "draft" which bears date after the tax rolls of 1887 went into Hamilton's hands, and after a portion at least of the taxes charged in the account sued on may have been collected; but we do not think this warrants the presumption that the draft was drawn upon money which had been collected as taxes.

Upon the evidence adduced the court below should have rendered judgment against the defendants for the whole amount claimed in the petition. The State's assignment that the court erred in not so rendering the judgment is well taken, and the judgment must be reversed.

In order to afford the defendants the opportunity of proving if they can that some part of the account for the year ending in 1887 was paid with moneys that should have been credited upon the account sued on, the cause will be remanded for a new trial.

*Reversed and remanded.*

Delivered May 13, 1890.